Magistrate Number 26-mj-1270

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### <u>AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT</u>

I, Curtis A. McRoy, being duly sworn, depose and state that:

**I.      INTRODUCTION AND BACKGROUND**

1.      I am a Special Agent with the Drug Enforcement Administration (DEA) in Philadelphia, Pennsylvania, assigned to the DEA Philadelphia Field Division Philadelphia Office. I have has been employed as a DEA Special Agent since December 2021. I have received specialized training from the DEA Academy at Quantico, Virginia, in the investigation and identification of narcotics traffickers, and have participated in numerous investigations, which have led to the arrests of numerous narcotics traffickers. I have conducted physical and electronic surveillance, debriefed confidential sources, worked with experienced federal, state, and local narcotic agents and officers, executed search warrants, and analyzed telephone toll records. Prior to joining the DEA, I worked as a Police Officer with the Prince George's County (Maryland) Police Department. During my time in this role, I have participated in numerous drug arrests and seizures.

2.      This affidavit is made in support of an arrest warrant for, and criminal complaint against, EUGENE ALBERT HORSCH, where there is probable cause to believe that HORSCH, upon having been previously convicted in the Commonwealth of Pennsylvania of a crime punishable by more than one year in prison, possessed a firearm, which traveled in and affected interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1) (possession of a firearm by a felon).

1

3.      The information contained in this affidavit is based upon my personal knowledge and observations, the observations and personal knowledge of other law enforcement officers, and information provided to law enforcement officers. Because this affidavit is submitted for the limited purpose of establishing probable cause, this affidavit does not set forth each and every fact known to me or other agents regarding this investigation. Where conversations are related herein, they are related in substance and in relevant part only.

4.      Between June 19, 2026 and June 26, 2026, in connection with law enforcement's investigation of HORSCH, I was made aware of the facts detailed in the section below.

## II.    PROBABLE CAUSE FOR ISSUANCE OF THE COMPLAINT AND ARREST WARRANT

5.      On June 19, 2026, at approximately 8:00 a.m., while on uniformed patrol in Independence National Historical Park, which is federal concurrent jurisdiction, Officer Paul Scholtz, Federal Park Ranger, was parking his patrol vehicle at the northeast corner of 6th Street and Market Street in the City and County of Philadelphia, where he observed the operator of a black BMW (bearing Pennsylvania registration NCB7708), which was parked behind Officer Scholtz on the unit block of South 6th Street. Officer Sholtz observed the driver of the BMW leaning into the back seat of his vehicle. Officer Scholtz observed that the BMW was not displaying a police placard, which is required to park in that area. Additionally, the vehicle was parked beside a fire hydrant. Officer Scholtz did not activate his emergency lights; rather, he exited his patrol vehicle and approached the driver's side of the parked BMW. As he approached, the driver, EUGENE HORSCH, rolled down his driver's window, at which time Officer Scholtz heard a female's voice in the back seat say, in sum and substance, "*you're going*

2

*to hurt me!"* Officer Scholtz subsequently observed that HORSCH had sores on his arms and face, which are common among illegal drug users. Additionally, the female passenger, had sores on her body and was moving in a twitchy and agitated manner consistent with illegal stimulant drug use. In plain view in the driver's door, Officer Scholtz observed a butane lighter and saw that HORSCH was holding tweezers. Officer Scholtz recognized these items to be associated with illegal drug use. Due to the observed parking violations, the remarks by the woman in the back seat, and suspicions that the pair was engaged in illegal drug activity, Officer Scholtz requested HORSCH and the woman's identifying information. A records check confirmed the BMW was registered to HORSCH, however, the records check also established that the name the woman provided belonged to a missing person reported out of Philadelphia.

6.      Officer Scholtz ordered HORSCH from his vehicle to conduct a frisk of his person because Officer Scholtz had observed multiple pairs of scissors around the front seat of the BMW. When Officer Scholtz opened HORSCH's door, HORSCH quickly reached under the driver's seat of the BMW. Officer Scholtz's partner, Officer Sean Carey detained HORSCH in handcuffs and patted him down for hard objects that could be used as weapons. At that time, a switch blade knife and a glass drug pipe were recovered from HORSCH's pants pockets. Officer Carey frisked the area of the BMW's floorboard through his open driver's door to see what HORSCH had been reaching for, and he observed two firearms: (1) a loaded Taurus, model G2S, .40 S&W caliber semi-automatic pistol, bearing serial number ABC419937; and (2) a loaded FIE, model Arminius Titan Tiger, .38 Special revolver, with an obliterated serial number. After rendering the firearms safe, Officer Scholtz escorted the woman from the backseat of the vehicle

3

and detained her in handcuffs. At that time and without prompting, HORSCH stated, in sum and substance, "*they're not hers; she's a good girl.*"

7.    Officer Scholtz verbally advised HORSCH of his *Miranda* rights while HORSCH was on the sidewalk adjacent to his parked BMW. HORSCH did not assert these rights, instead he volunteered that the firearms did not belong to the woman and that he had crack cocaine in a compartment to the left of the steering wheel. Officer Scholtz asked HORSCH if he was a felon; HORSCH replied that he was.

8.    Officer Scholtz conducted a search of the BMW for drugs and weapons. During this search, Officer Scholtz seized a small amount of white powder within a folded paper from a compartment to the left of the steering wheel. Officer Scholtz also seized a small plastic container containing a white, rock-like substance from the driver's seat that is suspected to be crack cocaine. Moreover, Officer Scholtz seized a cattle prod device and collapsible baton from the driver's door.  In the trunk of the vehicle, Officer Scholtz discovered a canvas bag with a DEA badge and a credential wallet with another DEA badge and ID cards showing HORSCH's photograph and identifying him as DEA Agent "Eugene Fredrick Steiner", badge number 07384. HORSCH is not employed by the DEA and never has been. Within that bag Officer Scholtz found another switch blade knife. In the BMW's glovebox, Officer Scholtz found and seized a pair of police handcuffs. In the center console were several handcuff keys, which Officer Scholtz seized as well.

9.    On or about November 21, 2025, in the Pennsylvania Court of Common Pleas in Philadelphia County, HOSRCH was convicted of possession with intent to distribute a controlled

substance (CP-51-CR-0004911-2025), a crime punishable by more than one year in prison. HORSCH was sentenced to three years of probation on that conviction. On or about February 7, 2014, in the Pennsylvania Court of Common Pleas in Montgomery County, HOSRCH was convicted of possession with intent to distribute a controlled substance (CP-46-CR-0004613-2013), a crime punishable by more than one year in prison. HORSCH was sentenced to a term of 2 to 4 years' imprisonment on that conviction. On or about January 26, 2004, in the Pennsylvania Court of Common Pleas in Philadelphia County, HORSCH was convicted of aggravated assault and aggravated assault by vehicle (CP-51-CR-0610831-2003), crimes punishable by more than one year in prison. HORSCH was sentenced to a term of 2 to 4 years' imprisonment on that conviction. Under federal law, HORSCH is prohibited from possessing firearms and ammunition.

10.     I have been advised by agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) that both firearms were manufactured outside the Commonwealth of Pennsylvania. Therefore, the recovery of these firearms in Philadelphia, Pennsylvania resulted in the firearms having travelled in and affecting interstate and/or foreign commerce.

11.     On June 26, 2026, both recovered firearms were successfully test fired by ATF Special Agent Brian Peters, and both firearms were operable, that is, to function as designed and are capable of expelling a projectile by the action of an explosive. As such, the firearms are firearms as defined in Title 18, United States Code, Chapter 44, Section 921(a)(3).

Magistrate Number 26-mj-1270

**III.   CONCLUSION**

12.   Based on the foregoing, I submit that there is probable cause to conclude that EUGENE ALBERT HORSCH, upon having been previously convicted in the Commonwealth of Pennsylvania of a crime punishable by more than one year in prison, possessed a firearm, which traveled in and affected interstate commerce, in violation of Title United States Code, Section 922(g)(1) (possession of a firearm by a felon). Accordingly, I request that this Court issue the accompanying criminal complaint and arrest warrant for EUGENE ALBERT HORSCH.

I submit this application based upon my information and belief upon the facts set forth to the best of my knowledge.

Respectfully submitted,

/s/ Curtis A. McRoy
Curtis A. McRoy, Special Agent
Drug Enforcement Administration

Sworn to and subscribed to me by telephone
this 26th day of June, 2026:

/s/ Craig M. Straw 6-26-2026

HONORABLE CRAIG M. STRAW
UNITED STATES MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

6